## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

SEACOAST CONSTRUCTION, INC.,

    Plaintiff,

v.                                                                                    Case No.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

_____/

## **DEFENDANT'S NOTICE OF REMOVAL**

To:    The Judges of the United States District Court
        Southern District of Florida

Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby removes the above-captioned action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2020-000119-CA-01 (the "State Court Action"), to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Chase hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).  Chase will provide evidence to support the allegations of this pleading as required in response to any challenge to the Court's jurisdiction.

As set forth below, this Court has original subject matter jurisdiction over this matter because the parties are completely diverse and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(a), 1441(b).  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon Counsel for Plaintiff, and filed with the Miami-Dade County Court in the State Court Action.  In support hereof, Chase states as follows:

1. On January 3, 2020, Plaintiff Seacoast Construction, Inc., commenced this action by filing a Complaint in the State Court Action in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

2. Chase was served with the Summons and Complaint on January 13, 2020. A true and correct copy of the Summons and Complaint are attached hereto and incorporated herein as **Composite Exhibit "A"**.

3. All other pleadings and papers that have been filed in the State Court Action other than the Summons and Complaint are attached hereto as **Composite Exhibit "B"**. Within the meaning and intent of 29 U.S.C. § 1446, the documents contained in Composite Exhibit "A" and Composite Exhibit "B" constitute all process, pleadings and orders filed to date in the State Court Action.

4. Removal to this Court is proper because: (a) the State Court Action is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida; (b) pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of Chase's receipt of the initial pleading; and (c) as shown below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this matter is between citizens of different States within the meaning of that provision and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A. **The Diversity of Citizenship Requirement is Satisfied.**

5. The parties to this action are citizens of different states and were at the time the State Court Action was filed.

6. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State or foreign state by which it has been incorporated and of the State where it has its

principal place of business." As alleged in the Complaint, Plaintiff is, and was at the time the State Court Action was filed, a Florida corporation maintaining its principal place of business in Miami County, Florida. *See* Compl. at ¶ 2. Plaintiff is therefore a citizen of the State of Florida for purposes of diversity jurisdiction.

7. Federally-chartered national banks do not fall under the above provision as they are not incorporated by "any State." Pursuant to 28 U.S.C. § 1348, "all national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Further, "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, National Association v. Schmidt, et al.*, 546 U.S. 303 (2006); *see also Arthur v. JP Morgan Chase Bank, NA et al.*, 569 F. App'x. 669, 673 (11th Cir. 2014); *Orton v. Mathews*, 572 F. App'x. 830, 832 (11th Cir. 2014). Chase is, and was at the time the State Court Action was filed, a national banking association, organized under the laws of the United States, with its main office, as designated in its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio for the purpose of diversity jurisdiction.

8. Thus, because Plaintiff is a citizen of Florida, and Chase is a citizen of Ohio, there is complete diversity of citizenship between the parties.

**B.  The Amount in Controversy Requirement Is Satisfied.**

9. Plaintiff's Complaint seeks damages against Chase arising out of the alleged fraudulent manipulation of a wire transfer of funds intended for payment to Plaintiff, and the alleged deposit of such funds into a Chase account held by a person other than Plaintiff. Based on the allegations in the Complaint, the amount in controversy exceeds $75,000.00, as Plaintiff demands judgment in the sum of $124,131.37 together with interest and costs of litigation.

### C. All Other Removal Prerequisites Have Been Satisfied.

10. This Notice of Removal is timely filed because it has been filed within thirty (30) days of service of the Complaint. *See* 28 U.S.C. § 1446(b).

11. Removal to this Court is proper because this Court is "the district court of the United States for the district and division embracing the place where such action is pending," which is the Circuit Court of Miami-Dade County, Florida. 28 U.S.C. § 1446(a).

12. This action is not a non-removable action as described under 28 U.S.C. § 1445.

13. In accordance with 28 U.S.C. § 1446(d), Chase will promptly serve a copy of this Notice of Removal on Plaintiff's counsel, and will file a Notice of Filing this Notice of Removal with the Clerk of the Circuit Court of Miami-Dade County, Florida in the State Court Action.

### RESERVATION OF ALL RIGHTS AND DEFENSES

14. In removing this action, Chase does not intend to waive any rights or defenses to which it is otherwise entitled, including but not limited to those set forth in Federal Rules of Civil Procedure 12(b) and 13. Chase further reserves the right to supplement this Notice of Removal and/or present additional arguments in support of removal, if necessary.

### C. CONCLUSION

15. Removal of this case is timely and appropriate. This civil action is between "citizens of different states," and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

**WHEREFORE**, Chase removes the State Court Action to this Court based upon 28 U.S.C. § 1332(a), and prays that this Court take jurisdiction over this matter to its conclusion and

final judgment in accordance with the law.

DATED February 3, 2020.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909

By: */s/ Courtney M. Keller*
    Courtney M. Keller, Esquire
    Florida Bar No. 028668
    Colin S. Baker, Esquire
    Florida Bar No. 0066352
    Email: kellerc@gtlaw.com
            bakerco@gtlaw.com
            nef-iws@gtlaw.com
            FLService@gtlaw.com
*Counsel for Defendant JPMorgan Chase Bank, N.A.*

and

**GREENBERG TRAURIG, P.A.**
Tyrone A. Adras, Esquire
Florida Bar No. 107294
777 S. Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
Telephone: (561) 650-7900
Facsimile: (561) 655-6222
Email: adrast@gtlaw.com
        chalkleyt@gtlaw.com
        FLService@gtlaw.com
*Co-counsel for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on February 3, 2020, I electronically filed the foregoing **Notice of Removal**, through the Court's CM/ECF system, which will send an electronic copy to the following:

 Yazen Alami, Esquire
 Barakat Law, P.A.
 2701 Ponce De Leon Boulevard, Suite 202
 Coral Gables, Florida 33134
 Email: service@triallawmiami.com
 *Counsel for Plaintiff*

            /s/ Courtney M. Keller
            Courtney M. Keller