# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SEACOAST CONSTRUCTION, INC,

CASE NO.: 2020-000119-CA-01

*Plaintiff*,

vs.

JPMORGAN CHASE BANK, N.A.,

*Defendant*.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** JPMORGAN CHASE BANK, N.A.
C/O REGISTERED AGENT, CT CORPORATION SYSTEM
1200 S PINE ISLAND RD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

> Yazen Alami, Esq.
> **BARAKAT LAW, P.A.**
> 2701 PONCE DE LEON BOULEVARD,
> SUITE 202
> CORAL GABLES, FLORIDA 33134
> TELEPHONE: (305) 444-3114
> service@triallawmiami.com

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

# COMPOSITE EXHIBIT "A"

*Civil Action Summons*
*Case No. 2020-000119-CA-01*
*Page 2 of 2*

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this Summons and Complaint in this action on the above-named defendant(s).

Dated this _____ day of  1/10/2020 , 2020.

                                         Harvey Ruvin
                                         As Clerk of the Court

                                         By:_____
                                         Deputy Clerk

Filing # 101114764 E-Filed 01/03/2020 04:51:19 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SEACOAST CONSTRUCTION, INC.,

    Plaintiff,                                       CASE NO.:

vs.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

_____ /

## COMPLAINT

The Plaintiff, SEACOAST CONSTRUCTION, INC. ("Seacoast"), by and through undersigned counsel, sues the Defendant, JPMORGAN CHASE BANK, N.A. ("Chase"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action seeking injunctive relief and damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees, interest and costs.

2. Seacoast is a Florida for profit corporation with its principal place of business at 6355 N.W. 36th St., Suite 303, Miami, Florida 33166.

3. Chase is a national banking institution with its principal place of business at 111 Polaris Parkway, Columbus, Ohio 43240. At all times relevant hereto, Chase

BARAKAT LAW

2701 Ponce de Leon Blvd. Suite 202, Coral Gables, FL 33134 · Tel: 305-444-3114 · service@triallawmiami.com

operated, conducted, engaged and otherwise carried on a business venture in Miami-Dade County, Florida.

4. Pursuant to Section 47.051, Florida Statutes, venue is proper in Miami-Dade County since the cause of action accrued there.

5. Each and every reference to "Chase" or "Defendant" in this Complaint is intended and shall be deemed and construed to be agents, representatives, employees, co-venturers, servants, partners, principals, masters, employers, co-conspirators, and/or associates of Chase.

6. All conditions precedent required to bringing this action have been met or waived by the Defendant.

## FACTUAL ALLEGATIONS

7. Seacoast is a construction company based in Miami, Florida.

8. On or about September 5, 2019, Seacoast invoiced its customer John Knox, Inc. ("John Knox") for services provided in the amount of $124,131.37.

9. Seacoast had previously provided John Knox with its SunTrust Bank account information in order to receive payment by wire transfer.

10. On September 19, 2019, an unknown individual deceitfully directed John Knox to wire the $124,131.37 to a Chase bank account (the "Account") which, unbeknownst to Seacoast, had been opened in the name of Seacoast Construction, Inc. We have filed a document with the account number under seal.

BARAKAT LAW

2701 Ponce de Leon Blvd. Suite 202, Coral Gables, FL 33134 ▸ Tel: 305-444-3114 ▸ service@triallawmiami.com

11. Seacoast does not bank with Chase and never authorized Chase to open the Account.

12. Seacoast never received any notice from Chase that the Account had been opened in its name.

13. On September 25, 2019, unaware that Seacoast did not maintain an account with Chase, John Knox directed its bank, PNC Bank, N.A., to wire the funds to the Account.

14. The fraudulent wire transfer was traced to and accepted by Chase.

15. Seacoast promptly notified Chase of the unauthorized the Account and of the fraudulent wire transfer upon discovering the same.

16. Chase has yet to return the funds to Seacoast or otherwise give any indication that it is preserving the funds.

17. Loss of the funds has had a material adverse effect on Seacoast's goodwill and ability to conduct its business operations.

18. Seacoast has been forced to hire the undersigned law firm and must pay a reasonable fee for its services.

## COUNT I
## NEGLIGENCE

19. Plaintiff realleges and re-avers the Factual Allegations above as if fully set forth herein.

BARAKAT LAW

2701 Ponce de Leon Blvd. Suite 202, Coral Gables, FL 33134 › Tel: 305-444-3114 › service@triallawmiami.com

20. As a bank, Chase had a duty to act at all times in good faith to implement and follow procedures for: (a) verifying the identity of each customer opening an account to enable the bank to form a reasonable belief that it knows the true identity of each of its customers; (b) verifying the identity of the customer within a reasonable time after the account is opened; (c) maintaining records of the information used to verify the person's identity, including name, address, and other identifying information; (d) responding to circumstances in which the bank cannot form a reasonable belief that it knows the true identity of a customer; and (d) providing customers with adequate notice that the bank is requesting information to verify their identities.

21. Chase breached its duty to implement and/or enforce the customer identification procedures described in paragraph 20 by failing to verify the identity of all persons and/or entities associated with the Account.

22. Chase breached its duty to implement and/or enforce the customer identification procedures described in paragraph 20 by failing to follow protocol to verify the true identity of the holder of the Account.

23. Chase breached its duty to implement and/or enforce the customer identification procedures described in paragraph 20 by failing to provide adequate notice to Seacoast that the Account was being opened in its name.

BARAKAT LAW

2701 Ponce de Leon Blvd. Suite 202, Coral Gables, FL 33134 › Tel: 305-444-3114 › service@triallawmiami.com

24. Chase breached its duty to implement and/or enforce the customer identification procedures described in paragraph 20 by otherwise failing to detect and/or prevent the unauthorized opening of the Account.

25. Seacoast, as a direct and proximate result of the inaction and negligent conduct of Chase described above, has been damaged in the amount of One Hundred Twenty-Four Thousand, One Hundred Thirty-One dollars and Thirty-Seven cents ($124,131.37) plus interest.

WHEREFORE, Plaintiff, SEACOAST CONSTRUCTION, INC., respectfully demands judgment for damages against Defendant, JPMORGAN CHASE BANK, N.A., together with post judgment interest, attorney's fees, and costs along with any further relief this Court deems just and proper.

## COUNT II
## FRAUDULENT TRANSFER

26. Plaintiff realleges and re-avers the Factual Allegations above as if fully set forth herein.

27. An unknown individual deceitfully directed John Knox to wire $124,131.37 to Chase for the purpose of wrongfully converting those funds to the use and benefit of the unknown individual.

28. Consequently, for purposes of Chapter 726, Florida Statutes, Seacoast is a creditor of John Knox and Chase is a debtor of John Knox.

BARAKAT
LAW

2701 Ponce de Leon Blvd. Suite 202, Coral Gables, FL 33134 ∘ Tel: 305-444-3114 ∘ service@triallawmiami.com

29. The unknown individual, with actual intent to hinder, delay, or defraud Seacoast, within the scope of Section 726.105(1)(a), Florida Statutes, caused John Knox to make the fraudulent wire transfer of $124,131.37 to Chase.

30. Upon the execution and acceptance of the fraudulent wire transfer, Chase became the transferee of that fraudulent wire transfer of funds.

31. Under Section 726.108(1)(a), Florida Statutes, Seacoast is entitled to avoid the foregoing fraudulent wire transfer of $124,131.37 to Chase and to recover from Chase the value thereof.

32. Seacoast is entitled to recover from Chase the principal sum of One Hundred Twenty-Four Thousand, One Hundred Thirty-One dollars and Thirty-Seven cents ($124,131.37), plus prejudgment interest and the costs of this civil action.

WHEREFORE, Plaintiff, SEACOAST CONSTRUCTION, INC., respectfully demands judgment for damages against Defendant, JPMORGAN CHASE BANK, N.A., together with post judgment interest, attorney's fees, and costs along with any further relief this Court deems just and proper.

## COUNT III
## INJUNCTION

33. Plaintiff realleges and re-avers the Factual Allegations above as if fully set forth herein.

BARAKAT LAW

2701 Ponce de Leon Blvd. Suite 202, Coral Gables, FL 33134 · Tel: 305-444-3114 · service@triallawmiami.com

34. Seacoast is, and at all relevant times has been, the rightful owner of the funds that Chase, through its inaction and negligent conduct described above, allowed to be fraudulent wired to the Account.

35. As a direct and proximate result of the inaction and negligent conduct of Chase described above related to the opening of the Account, Seacoast has been deprived of the use of $124,131.37.

36. This deprivation has had a material adverse effect on Seacoast's ability to conduct its business operations and Seacoast's goodwill with its customers, employees, and vendors.

37. Seacoast reported the fraudulent wire transfer to Chase on October 7, 2019 and again on October 16, 2019, but Chase has yet to return the funds to Seacoast or otherwise give any indication that it is preserving the funds.

38. Because of the continuing nature of the injury to Seacoast, and because of the imminent threat that the funds may be disbursed, potentially out of the country, Seacoast has no adequate remedy at law to prevent such disbursement.

39. Seacoast will, therefore, suffer irreparable injury if an injunction is not granted.

40. The public interest will not be disserved through the issuance of an injunction to preserve Seacoast's property.

WHEREFORE, Plaintiff, SEACOAST CONSTRUCTION, INC., respectfully requests that the Court issue an injunction enjoining Defendant, JPMORGAN CHASE BANK, N.A., from distributing or withdrawing the $124,131.37 in funds fraudulently

BARAKAT LAW

2701 Ponce de Leon Blvd. Suite 202, Coral Gables, FL 33134 ⋅ Tel: 305-444-3114 ⋅ service@triallawmiami.com

wired to the Account and requiring Defendant to preserve the funds through the pendency of this action, along with any further relief this Court deems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff, SEACOAST CONSTRUCTION, INC., demands a trial by jury of all issues triable by law.

Respectfully submitted,

Barakat Law, P.A.
2701 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Tel (305) 444-3114
Fax (305) 444-3115

By: <u>s/ Yazen Alami</u>
Brian Barakat
Florida Bar Number 457220
brian@triallawmiami.com
service@triallawmiami.com

Yazen Alami
Florida Bar Number 110319
yazen@triallawmiami.com
*Attorneys for Plaintiff*

BARAKAT LAW

2701 Ponce de Leon Blvd. Suite 202, Coral Gables, FL 33134 ◦ Tel: 305-444-3114 ◦ service@triallawmiami.com